# DANNY GRACE PLLC

ATTORNEYS AND COUNSELORS AT LAW

Writer's email: yuting@dannygracepc.com
Writer Admitted in: New York, United States District Court for the Southern and Eastern Districts of New York

225 BROADWAY, SUITE 1200
NEW YORK, NY 10007
516-748-9848
718-732-2821 FAX

Hon. Sarah L. Cave
United States Magistrate Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Jessica Brooke Hall v. Scores Holding Company, Inc. et al.* 21 Civ. 3387 (JPC) (SLC)

Dear Judge Cave:

We represent Plaintiff in the above-captioned matter. We write to your Honor to respectfully request a Rule 37.2 Conference pursuant to the Local Civil Rule 37.2 and Section II.C of your Honor's Individual Practice for Plaintiff's anticipated motion to compel: (1) deposition dates and (2) the Counsel of Defendants Score Holding Company and Mr. Harvey Osher ("Osher") (collectively, "Defendants") to produce a document list concerning documents that Defendants' Counsel has through her prior representation of Defendant Club Azure, LLC, d/b/a Scores, New York. ("Scores NY") in other cases.

On January 23, 2023, at 12:27 p.m., Defendants' Counsel, Alison Blaine, Esq., and Plaintiff's Counsel, the undersigned, met and conferred for eleven (11) minutes to no avail. During the meet and confer, Defendants' counsel refused to confirm whether Mr. Robert Gans ("Gans") and Osher (collectively, "Deponents") are available for depositions, as noticed in Plaintiff's Deposition Notice of January 19, 2023. The given reason for such refusal was that Plaintiff must be deposed first. Defendants' counsel refused to produce the above-mentioned list, alleging that those documents are irrelevant to this action. Defendants' counsel insisted that Plaintiff must be deposed in person even if she lives in Ohio now because she commenced this action. The undersigned informed Defendants' counsel that they were at an impasse and thus, I would file a letter motion to request a conference.

Following your Honor's Order of January 12, 2023 (ECF No. 105), on January 13, 2023, the undersigned emailed Defendants' counsel and requested that counsel provide Deponents' availability for depositions and a document list of the documents that she has regarding Scores NY through her prior representation of Scores NY, including, De Oliveria v. Scores Holding Company, Inc., Club Azure, LLC et. al. (18-civ-6769-GBD).  In response, on January 14, 2023, Defendants' counsel refused to provide Deponents' availability for depositions, stating that she was waiting for an order from the

**DANNY GRACE PLLC**
ATTORNEYS AND COUNSELORS AT LAW

Writer's email: yuting@dannygracepc.com
Writer Admitted in: New York, United States District Court for the Southern and Eastern Districts of New York

225 BROADWAY, SUITE 1200
NEW YORK, NY 10007
516-748-9848
718-732-2821 FAX

Court, and that Plaintiff must be deposed in person first. On January 17, 2023, the undersigned again requested dates of availability of the individuals I intend to depose. I also advised Defendants' counsel that this Court already issued an order on January 12, 2023, and thus, this Court will not issue another order regarding depositions.

Because Defendants' counsel refused to provide the availability of Deponents, on January 19, 2023, the undersigned emailed Defendants' counsel a deposition notice based on our office's availability, intending to depose Gans at 10:00 a.m. February 6, 2023, and Osher at 10:00 a.m. February 10, 2023.

On January 19, 2023, for the first time since January 12, 2023, Defendants' counsel asked for Plaintiff's availability, and in response, the undersigned proposed two days: February 2, or February 3, 2023, and requested that the deposition be virtual. Defendants' counsel said she was not available and insisted that the deposition must be in person. In response, the undersigned provided two other days February 7, 2023, and February 8, 2023, Defendants' counsel refused to clarify whether she would depose Plaintiff on either date, and reiterated her demand that the deposition be conducted in person.

On January 24, 2023, the undersigned agreed to have Plaintiff deposed in person, and requested that the depositions of Gans and Osher would also be in person. For the first time, Defendants' counsel informed me that she did not want to schedule three depositions in one week. The undersigned requested Defendants' counsel's availability for the week of February 13, 2023. To date, Defendants' counsel has not responded to this request.

Indeed, this is not the first time that Defendants have delayed this litigation by playing and by refusing to provide their availability. During the scheduling of the mandatory mediation, Defendants did the same thing, in contravention of this Court's order of November 14, 2022[1]. On November 3, 2022, the Mediator emailed the parties to schedule a mediation. After the undersigned provided her availability based on the mediator's proposals, Defendants stated that they were not available, and provided no alternative dates. In response, on November 17, 2022, the undersigned said she was available on December 19, 2022, as proposed by the mediator. On November 21, 2022, Defendants stated that they were not available. On November 24, 2022, the Mediator requested that Defendants

---

[1] This Court ordered that "[i]f any party fails to participate in mediation in good faith, the parties are directed to notify the Court of that noncompliance, including whether any relief in the form of sanctions is sought." [ECF No. 91].

**DANNY GRACE PLLC**

ATTORNEYS AND COUNSELORS AT LAW

|  |  |
|---|---|
| Writer's email: yuting@dannygracepc.com | 225 BROADWAY, SUITE 1200 |
| Writer Admitted in: New York, United States District Court for the Southern and Eastern Districts of New York | NEW YORK, NY 10007<br>516-748-9848<br>718-732-2821 FAX |

provide their availability. Defendants could not provide their availability for the mediator until November 29, 2022. It took almost one-month for Defendants to find a date for a half-day mediation.

As of January 14, 2023, the undersigned attempted to begin scheduling Deponents' deposition dates with Defendants' counsel. However, they have not provided any dates subsequent to the meet and confer, and after more than 20 emails between the undersigned and Defendants' counsel. Thus, to avoid further delay, to keep this case moving smoothly, and to make sure that the Parties could complete depositions and post-deposition discovery pursuant to this Court's Order of January 12, 2023, the undersigned respectfully requests a Rule 37.2 Conference for Plaintiff's motion to compel deposition dates. The proposed deposition dates are as follows: (1) Gans, at 10:00 a.m. on February 6, 2023, and (2) Osher, at 10:00 a.m. on February 10, 2023, in person[2], or *alternatively*, granting Plaintiff's proposed deposition dates without the need for a conference. Such request is reasonable based on Defendants' prior conduct and necessary to ensure that discovery is completed per this Court's Order (ECF No. 105). The undersigned would like to cooperate with Defendants' counsel to schedule Plaintiff's deposition.

The undersigned also respectfully requests that this Court order Defendants' counsel to produce a document list regarding what documents she has regarding Scores NY through her prior representation. The undersigned does not request that she produce any of her work product. As for her conclusory excuse for not producing said documents, relevance, Plaintiff's position is that she is entitled to see the document list and to then make arguments regarding the relevancy of the documents to this action.

For the foregoing reasons, Plaintiff respectfully requests that this Court schedule a Rule 37.2 conference for Plaintiff's motion to compel deposition dates and the aforementioned document list, or *alternatively*, schedule deposition dates as being proposed by Plaintiff and order Defendants' counsel to produce the document list.

Thank you for your consideration.

Dated:   January 25, 2023

Respectfully submitted,

---

[2] Deponents received the undersigned's deposition notice on January 19, 2023, after Defendants' counsel refused to provide any availability. Thus, the deponents were given sufficient notice per Fed. R. Civ. P. 30.

# DANNY GRACE PLLC

ATTORNEYS AND COUNSELORS AT LAW

Writer's email: yuting@dannygracepc.com
Writer Admitted in: New York, United States District Court for the Southern and Eastern Districts of New York

225 BROADWAY, SUITE 1200
NEW YORK, NY 10007
516-748-9848
718-732-2821 FAX

_____/s/_____
Yuting Li, Esq.
Danny Grace PLLC
225 Broadway, Suite 1200
New York, NY 10007
*Attorneys for Plaintiff Jessica Brooke Hall*

CC: Alison Blaine, Esq. *via* ECF

---

Plaintiff's letter-motion requesting a pe-motion conference with the Court (ECF No. 106 (the "Letter")) is DENIED. The Court will not countenance gamesmanship by the parties in scheduling depositions. The deadline for completing depositions is Monday, February 27, 2023, and any party who has not cooperated in scheduling dates for remaining depositions by that date will be deemed to have forfeited the right to take those depositions. The parties should not expect any extensions of the fact discovery deadline. The Court holds in abeyance Plaintiff's request to compel Defendants' counsel to provide a document list regarding her prior representation of Defendant Club Azure, LLC, pending Defendants' response to the Letter. Defendants shall file their response to the Letter by **Friday, January 27, 2023**.

The Clerk of Court is respectfully directed to close ECF No. 106.

SO ORDERED 01/26/23

SARAH L. CAVE
United States Magistrate Judge