UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JESSICA BROOKE HALL,                                                   :
                                                                       :
                       Plaintiff,                                        :
                                                                       :     21 Civ. 3387 (JPC) (SLC)
          -v-                                                        :
                                                                       :             ORDER
SCORES HOLDING COMPANY, INC. *et al*,                                  :
                                                                       :
                       Defendants.                                       :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiff Jessica Brooke Hall initiated this action on April 17, 2021, bringing claims under federal, state, and city antidiscrimination law against various people and entities she claims jointly employed her. Dkt. 1. Following difficulties with service of the Summons and Complaint, Dkt. 19, the start of briefing on a motion for default judgment as to certain Defendants, Dkt. 30, and the filing of an Amended Complaint, Dkt. 40, the Court held an initial pre-trial conference on March 3, 2022, Mar. 4, 2022 Minute Entry. Prior to the conference, Defendant Scores Holding Company, Inc. ("Scores") expressed its intent to file a motion to dismiss. *See* Dkt. 49 at 2. The Court set a briefing schedule for Scores's motion to dismiss at the March 3, 2022 conference, *see* Mar. 4, 2022 Minute Entry, and the following day entered a case management plan and scheduling order, which provided for the close of fact discovery on September 3, 2022, Dkt. 52 at 1.

      Scores answered the Complaint on March 4, 2022. Dkt. 53. The Court then extended and modified the briefing schedule on Scores's anticipated motion at Scores's request, setting a new deadline for Scores to file a motion for judgment on the pleadings or in the alterative for summary judgment. Dkt. 59. After that deadline was extended again, Dkt. 63, Scores moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 on May 9, 2022, Dkts. 67-69. Relying

almost entirely on an affidavit from Robert Gans, the Chief Executive Officer and President of Scores, Dkt. 68 ¶ 1; *see generally* Dkt. 68-4 ("Deft. 56.1 Stmt."), Scores argues that the undisputed evidence, after two months of discovery, shows that Hall is not entitled to relief from Scores under any relevant law, *see* Dkt. 69 ("Motion") at 5-12.

Scores makes several arguments in support of summary judgment. Scores argues that Hall's Equal Employment Opportunity Commission ("EEOC") complaint failed to name Scores, thus preventing any federal discrimination suit against Scores, *id.* at 5; that Scores has never employed sufficient employees to be considered an employer under federal, state, or city antidiscrimination law, *id.* at 5-6; that no evidence supports Hall's allegation that Scores indirectly or jointly employed her, *id.* at 6-10; that Scores was not Hall's employer under state or city law, *id.* at 10-12; and that Hall never informed Scores of any discrimination, *id.* at 12-13. Hall opposed Scores's motion on June 3, 2022, arguing in relevant part that Scores's motion should be denied because discovery had not yet completed and she required specific discovery in order to oppose the motion. Dkt. 71 ("Opposition") at 9-12. Hall supported her Opposition with an affidavit by her attorney, Daniel Grace, Dkt. 71-2 ("Grace Affidavit"), providing the Court with a list of the discovery required in order to adequately oppose the motion in accordance with Federal Rule of Civil Procedure 56(d), formerly 56(f), *see* 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2741 (4th Ed.), at n.1. Rule 56(d) allows a court to defer or deny a motion for summary judgment or issue any other appropriate order "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Following Scores's motion, discovery concluded on March 24, 2023. Dkt. 112. Prior to the close of discovery, the parties advised that Gans's deposition was scheduled for February 17, 2023. Dkt. 111.

"To request discovery under Rule 56(d) 'a party must file an affidavit describing: (1) what

facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful.'" *UBS AG, London Branch v. Greka Integrated, Inc.*, No. 21-1385 Civ., 2022 WL 2297904, at *3 (2d Cir. June 27, 2022) (quoting *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004)).  The Court determines that Grace's affidavit meets the Rule 56(d) standard.

Grace's affidavit sets out various potentially material facts related to Scores's status as Hall's employer, such as "the extent of control that Defendant [Scores] had over the operations and company policies" of other entities, Grace Affidavit ¶ 11, "whether staff was shared" between Defendants, *id.* ¶ 12, and "whether policies were shared" between Defendants, *id.* ¶ 13.  Grace also lists the specific types of documentary evidence sought to discover those facts.  *See generally id.*  Efforts to obtain that information had, at the time of the briefing on Scores's motion, been unsuccessful because Scores "did not produce a scintilla of documentary evidence in response to Plaintiff's demands and relied on objections and conjecture in response."  *Id.* ¶ 7.[1]  Most concerning to the Court is the fact that, at the time her opposition to Scores's summary judgment motion was due, Hall still had not been able to depose Gans, *id.* ¶ 8, which is especially troubling given that Scores's motion is supported almost entirely by Gans's affidavit.  *See generally* Motion; Deft. 56.1 Stmt.  Similarly, Hall is entitled to challenge Scores's assertion that it merely granted the right to use its name and logo to adult entertainment establishments "throughout the nation" "much like The Walt Disney Company."  Motion at 1, 3.  But Hall did not have the opportunity to test that assertion through discovery by the time she needed to oppose Scores's summary judgment motion.  *See Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in

---

[1] Neither party indicates in their briefing whether Scores's objections since have been resolved.

the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.").[2]

Accordingly, the Court denies Scores's motion for summary judgment without prejudice under Federal Rule of Civil Procedure 56(d). The Clerk of Court is respectfully directed to close the motion pending at Docket Number 67.

SO ORDERED.

Dated: March 31, 2023
       New York, New York

                               JOHN P. CRONAN
                               United States District Judge

---

[2] The Court concludes that Hall should be allowed to contest each of Scores's arguments for summary judgment with the benefit of discovery. This includes Scores's argument that a plaintiff cannot bring a discrimination claim under Title VII against a defendant who is not named in an EEOC complaint, despite the fact that this is the sort of argument that sometimes can be resolved solely by reference to the EEOC complaint. Motion at 5. However, Scores fails to recognize the "identity of interest" exception, which permits a Title VII action "to proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991); *see also Pajooh v. Dep't of Sanitation*, 547 F. App'x 73, 75 (2d Cir. 2013).